*1156 JUSTICE GABRIEL,
dissenting.
¶47 The majority asserts that the district court denied the defendant developers’ disqualification motion on issue preclusion grounds without meaningfully analyzing whether, for purposes of disqualification under Colo. RPC 1.9(a), this case is “substantially related” to the prior, matters .in which Mari Perczak represented Dale Francescon. Maj. op. ¶ 4. The majority proceeds to conclude that (1) a motion to disqualify will “rarely, if ever” raise an identical issue to a disqualification motion in another case; (2) the district court here erred in ruling based on the issue preclusion doctrine because the issues in this case were not identical to those presented in Sawgrass at Plum Creek Community Association, Inc. v. Sawgrass at Plum Creek. LLC, No. 2010CV3532 (Douglas Cty. Dist. Court, Sept. 5, 2013); and (3) a remand is necessary so that the district court can address the merits of the developers’ disqualification motion. Maj. op. ¶¶ 5-6, 37, 46.
¶48 In my view, the .majority misapprehends the district court’s order in this case. The district court did address the merits of the disqualification motion, and it concluded, with ample record support, that the developers had not established the requisite substantial relationship between this case, on the one hand, and the prior matters in which Perczak represented Francescon, on the other. Because I believe that the district court’s ruling on the merits of the disqualification motion was supported by the record and the applicable law, I would conclude that the court properly exercised its discretion, and I need not address the applicability of the issue preclusion doctrine. As a result, I would discharge the order to show cause.
¶49 Accordingly, I respectfully dissent.
I. Analysis
¶50 I first address the district court’s ruling in this case, and I conclude that the court properly found that the developers had not shown the substantial relationship required to support the “extreme remedy” of attorney disqualification under Colo. RPC 1.9. In re Estate of Myers, 130 P.3d 1023, 1027 (Colo. 2006). Although, based on this analysis, > I need not consider the applicability of issue preclusion here, I feel compelled to address the majority’s statement that a disqualification motion will “rarely, if ever” raise an identical issue to a disqualification motion in another case. For the reasons that I discuss below, I believe that the majority’s statement unnecessarily pre-judges future eases and may, in any event, be incorrect.
A. The District Court’s Order
¶51 To understand the district court’s order in this case, one^ must consider the context in which it was entered.
¶52 The developers filed a motion to disqualify Perczak, arguing that Perczak and her current law firm should be disqualified because their representation of the plaintiff homeowners’ association in this case was substantially related to Perczak’s prior representation of Francescon. Thereafter, the homeowners’ association filed a motion to strike the developers’ motion. In this motion, the homeowners’ association argued that the motion to disqualify should be stricken based on the issue preclusion doctrine. Alternatively, the homeowners’ association requested additional time to respond to the motion to disqualify. The parties’ cross-motions thus put in question both the issue preclusion doctrine and the merits of the disqualification motion.
¶53 On February 24, 2015, Judge Cross issued an order denying in part the homeowners’ association’s motion to strike. As pertinent here, the court concluded that a further hearing would be necessary to determine whether anything that Perczak may have learned in her representation of Fran-cescon would materially advance the homeowners’ association’s claims against Frances-con in this case.
¶54 Thereafter, on March 19, 2015, Judge Cross clarified his February order:
The Court’s Order on the Motion to Strike contemplates a hearing, which is set for May 21, on whether Ms. Perczak may have learned anything in her representation of Mr. Francescon which would materially advance the personal claims against Mr. Francescon in this case. If not, then not only would the Motion to Strike be granted on the issue of claim preclusion [sic], but *1157 also the Motion to Disqualify would be denied because there is no conflict.
(Emphasis added.) The court also (1) ordered the homeowners’ association to respond to the motion to disqualify and (2) set deadlines for the response and any reply brief.
¶55 As the majority correctly observes, maj. op, ¶¶ 34, 36, under Colo. RPC 1.9, the test for whether matters are substantially related asks if the matters “involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client’s position in the subsequent matter.” Colo. RPC 1.9 cmt. 3. Accordingly, Judge Cross’s March order made clear that a hearing would be necessary specifically to decide whether the matters at issue were substantially related for purposes of Rule 1.9.
¶56 Consistent with this directive, Judge Weishaupl conducted a hearing and considered the parties’ substantial offers of proof, which included orders on similar motions filed in prior cases, filings from the prior cases, a number of affidavits from Frances-con, and written opinions from experts in the field.
¶57 In a written order issued on February 25, 2016, the court ultimately denied the motion to disqualify and granted the motion to strike. In so ruling, the court concluded:
Testimony revealed that Mr. Francescon was concerned that Ms. Perczak would know his feelings regarding being personally sued and would be able to use those fears or concerns to her client’s advantage. The Court does not find that this understanding would constitute something that Ms. Perczak may have learned in her representation of Mr. Francescon which would cause a conflict or materially advance Plaintiffs personal claims against Mr. Francescon in this ease. It appears to the Court that all litigants before the Court may have fears of being personally sued and this is not something that would encompass an advantage or materially advance Plaintiffs personal claims against Mr. Francescon.
¶58 For the reasons set forth above, I understand this order to be a ruling on the merits of whether the matters at issue were substantially related for purposes of Rule 1.9. As noted above, the test for whether matters are substantially related asks, in pertinent part, whether there is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially have advanced the client’s position in the subsequent matter, Colo. RPC 1.9 cmt. 3. The district court addressed this exact question and concluded that the developers had not met their burden to establish grounds for Perczak’s disqualification.
¶59 In my view, the district court’s findings were well supported by the record. Indeed, in their briefs and at oral argument in this court, the developers supported their argument for Perezak’s and her firm’s disqualification with the very same types of conelusory assertions that they presented to the district court, arguing, for example, that Perczak came to know Francescon’s concern about being sued personally, his desire for risk avoidance and insurance coverage for claims asserted against him, and his use of special districts as a means of financing.
¶60 I agree with the district court that concern for risk avoidance and a desire to avoid personal liability exist in virtually every case and that this type of information, as well as information regarding the use of special districts as a means of financing, is not confidential and certainly does not support the “extreme remedy” of attorney disqualification. Estate of Myers, 130 P.3d at 1027.
¶61 In this regard, I note that it is not sufficient for a movant seeking attorney disqualification to argue, as the developers essentially did at oral argument before us, that the movant was required to speak in broad generalities so as to avoid revealing in a public proceeding the confidential information that the movant was seeking to protect. Although it is certainly true that a court should take care not to require the public disclosure of such information, our rules provide a mechanism by which movants such as the developers can protect confidential information while prosecuting a motion to disqual *1158 ify an attorney under Rule 1.9. See, e.g„ C.R.C.P. 121, § 1-5 (concerning the limitation of access to court files). Accordingly, a party seeking an attorney’s disqualification cannot rely on the confidentiality of the information at issue to excuse its failure to carry its burden of establishing the requisite grounds for attorney disqualification.
¶62 For all of these reasons, I perceive no abuse of discretion in the district court’s ruling at issue.
¶63 I am not persuaded otherwise by the majority’s contention that the district court’s granting of the homeowners’ association’s motion to strike belies the assertion that the court ruled on the merits of the developers’ disqualification motion. Maj. op. ¶ 44. In the majority’s view, the order granting the motion to strike had the effect of deleting the stricken material, ⅛ and thus, presumably, the district court would no longer have had before it the motion to disqualify. Were that correct, however, then the court would have had no reason to comment on the merits of the disqualification motion. Rather, it would have deemed that motion moot. But that is not what the court did. Instead, perhaps with the intent of taking a “belt and suspenders” approach, the court granted the motion to strike and then ruled on the merits of the disqualification motion, as the above-quoted March 2015 order indicated the court would do. Although the court may not have needed to make the latter ruling, its order makes clear that it did so.
¶64 Nor am I persuaded by the developers’ suggestion that the homeowners’ association’s amended complaint was “reverse-engineered” based on confidential information to which Perczak had access while representing Francescon. The developers offered nothing to support this conelusory assertion other than the facts that Francescon was understandably concerned about personal liability, that he structured his affairs to protect himself, and that he used special districts as a means of financing. None of these facts is either confidential or particularly noteworthy. Many experienced and sophisticated businesspeople share the same concerns and engage in the same kinds of activities to protect themselves.
¶65 In addition, as the majority correctly observes, see maj. op. ¶ 41, (1) “[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client,” Colo. RPC 1.9 cmt. 2, and (2) the passage of time may be relevant in determining whether two matters are substantially related, Colo. RPC 1.9 cmt. 3. In my view, both of these factors support the district court’s conclusion that the matters at issue here were not substantially related. Specifically, the mere fact that Perczak recurrently handles construction defect actions like that at issue here does not alone preclude her from representing a subsequent client against a former client in a construction defect case. Moreover, it is undisputed that Perczak last represented Fran-eescon more than a decade ago.
¶66 Accordingly, I would discharge the order to show cause in this case without reaching the question of the applicability of the issue preclusion doctrine in the context of ah attorney disqualification motion.
B. Issue Preclusion
¶67 As noted above, in addressing the question of issue preclusion, the majority states that a motion to disqualify will “rarely, if ever” raise an identical issue to a disqualification motion in another case. Maj. op. ¶¶ 5, 37. Because I do not believe that so broad a statement is necessary, nor am I convinced that it is correct, I feel compelled to comment on this issue.
¶68 In this case, the developers have asked us to conclude, as a matter of law, that the issue preclusion doctrine does not apply in the context of an attorney disqualification motion. The majority appears to reject that position, and so would I. I see no reason to adopt a categorical rule exempting one kind of matter from the doctrine of issue preclusion, nor have I seen any persuasive case law supporting such a position.
¶69 The majority, however, posits that the issue preclusion doctrine will rarely, if ever, apply in this kind of case. The majority thus *1159 adopts a principle of law that appears to come close to the categorical rule that it seemingly rejects. I cannot subscribe to such a principle, particularly when I perceive no reason for doing so.
¶70 In any event, I am not as persuaded as the majority that the issue preclusion doctrine will rarely, if ever, apply in the context of an attorney disqualification motion. The majority correctly notes that in this case, the homeowners’ association asserts personal claims against Franceseon that were not asserted in the Sawgrass ease. That may or may not undermine an assertion as to the identity of claims here. But what if the homeowners’ association did not assert such additional claims and the causes of action asserted here were identical to those asserted in the Sawgrass ease? It is not so clear to me that the identity of claims would be undermined solely by the fact that the cases involved different properties. Rather, the issue would turn on the nature of the claims asserted and the confidential information alleged to have been available to the attorney.
¶71 In short, I perceive no reason to prejudge future assertions of issue preclusion, particularly when doing so could be conceived as condoning (or at least inviting) the kind of seriatim disqualification motions that were filed in this and several prior eases. I would rather leave the preclusion question in the capable hands of trial judges who are in a better position to assess such matters on a case-by-case basis.
II. Conclusion
¶72 Because I believe that the district court in this case properly exercised its discretion, I would discharge the rule to show cause. Accordingly, I respectfully dissent.
I am authorized to state that JUSTICE EID and JUSTICE HOOD join in this dissent.